Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 9400 | DATE | JANUARY 22, 2004 |
| CASE TITLE | BRIAN ALSTON v. DEUTSCH BORSE, AG and DEUTSCH BOSE SYSTEMS, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to vacate judgment [45] is denied.
(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 3 2004 date docketed | 54 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | JAN. 22, 20 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN ALSTON,  )
 )
        Plaintiff,  )
 )
v.  )   No. 01 C 9400
 )
DEUTSCH BORSE, AG and  )
DEUTSCH BOSE SYSTEMS, INC.,  )
 )
        Defendants.  )

## MEMORANDUM OPINION AND ORDER

DOCKETED
JAN 2 3 2004

After repeated failures and delays on the part of plaintiff regarding responding to written discovery, appearing for his own deposition, appearing to take the deposition of a defendant witness, and appearing for court hearings, the sanction of dismissal was imposed. Although defendants' motion for dismissal was presented in court on November 27, 2002, judgment as to the dismissal was not entered on the docket until December 1, 2002. On November 4, 2003, the Seventh Circuit issued an unpublished order affirming the dismissal. <u>Alston v. Deutsch Borse, AG</u>, 80 Fed. Appx. 517, 2003 WL 22535210 (7th Cir. Nov. 4, 2003). On December 1, 2003, plaintiff filed his Rule 60(b) motion to vacate the judgment, primarily reasserting the arguments he raised on appeal and adding a contention regarding

an alleged misrepresentation that defendants had made in support of the motion to dismiss that had been granted. The motion was presented on December 16, 2003. Plaintiff denominates his motion as being pursuant to subsections (1), (3), and (6) of Fed. R. Civ. P. 60(b).

Motions under Rule 60(b)(1) and (3) must be "made" both (a) "not more than one year after the judgment . . . entered" and (b) "within a reasonable time." Fed. R. Civ. P. 60(b). Motions under Rule 60(b)(6) have no specified maximum time limit, but must be made "within a reasonable time." Id. The parties argue over whether plaintiff's present motion was brought within one year from the November 27, 2002 ruling granting the motion. That dispute starts from a false premise. The one-year time period is measured from the December 1, 2002 entry of judgment, not the November 27, 2002 ruling itself. See Marquip, Inc. v. Fosber America, Inc., 198 F.3d 1363, 1369 (Fed. Cir. 1999); Ceglarek v. John Crane, Inc., 2000 WL 1745183 *2 (N.D. Ill. Nov. 27, 2000); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2866 at 390 (2d ed. 1995). The motion is "made" when filed. See Berwick Grain Co. v. Illinois Department of Agriculture, 189 F.3d 556, 560 (7th Cir. 1999); Young v. R.J. Reynolds Tobacco Co., 1999 WL 1144830 *1 (N.D. Ill. Dec. 9, 1999). Since judgment was entered on December 1, 2002 and plaintiff filed his rule 60(b) motion on December 1, 2003, he

made the motion within one year, satisfying that part of the timeliness requirement for a Rule 60(b)(1) or Rule 60(b)(3) motion.

That does not end the inquiry regarding timeliness; the motion still must be made within a reasonable time. Here, plaintiff does not make any arguments that were not available to him at the time the motion to dismiss was presented. The alleged misrepresentation by counsel concerns facts known to plaintiff (through counsel) and the purportedly false facts were expressly stated in defendants' written motion to dismiss. At the time the motion was presented, plaintiff's primary attorney was on vacation and instead sent an attorney who had no familiarity with the case. The primary attorney still could have advised the stand-in attorney of the facts of the case. But even assuming the present factual contention could not have been raised prior to the entry of judgment, within 10 court days after December 1, 2002 plaintiff could have presented additional facts in a Fed. R. Civ. P. 59(e) motion to vacate the judgment. And even after the 10-day period for a Rule 59(e) motion, plaintiff could have brought a Rule 60(b) motion at any time, even while the appeal was pending. Waiting one year to bring the motion was not a reasonable time. Since bringing the motion within a reasonable time is a requirement under all subsections of Rule 60(b),

plaintiff's present motion is untimely and will be denied on that ground.

Alternatively, even if the merits of the present motion were to be considered, it would be denied. The Seventh Circuit's affirmance recites the repeated delays and failures to appear that were the basis for granting the motion to dismiss. A listing of that conduct need not be repeated here. The only fact that plaintiff questions in his present motion is who was responsible for cancelling plaintiff's October 10, 2002 deposition of Carlos Reyes. Defendants represented in their motion to dismiss that plaintiff cancelled the deposition of Reyes. Plaintiff now contends, as supported by his counsel's affidavit, that defendants cancelled the Reyes deposition after defendants moved the deposition of plaintiff from October 9 to October 10. That is not a material fact. Plaintiff desired to depose Reyes. Plaintiff's failure to take that deposition, even if due to plaintiff's fault, would not be (and was not) a basis for dismissing the case. At most, it would have resulted in plaintiff not being permitted to take that deposition. Instead, the dismissal was based on plaintiff's failure to cooperate in providing discovery to defendants. Even if the merits of the Rule 60(b) motion could be considered, no basis is stated for granting relief.

In defendants' answer to the Rule 60(b) motion, they raise the possibility of Rule 11 sanctions. That request is not considered because any motion for sanctions under Rule 11 must be raised in a separate motion. See Fed. R. Civ. P. 11(c)(1)(A).

IT IS THEREFORE ORDERED that plaintiff's motion to vacate judgment [45] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 27, 2004